H. F. PITMAN, Executor, v. R. G. ASHLEY and others.

*Will construed on application of Executor for advice.*

3. A testator expressing a wish that his executor shall close the administration of the estate in a particular manner, said: "As I hope the bonds and coupons will pay all of my just debts and considerably more, and save the lands, he is empowered to sell them as I would or he may think proper"; *Held*, that the word "them" refers to the bonds and coupons and does not embrace the lands.

2. Where he designates certain lands to be sold and says, " I wish my sisters to sell," the sisters are empowered to sell and convey the same.

(*Tayloe v. Bond*, Busb. Eq., 5 ; *Robinson v. McDiarmid*, 87 N. C., 455, cited and approved).

CIVIL ACTION for construction of will heard at Spring Term, 1882, of ROBESON Superior Court, before *Shipp, J.*

This action was brought by the plaintiff executor of John W. Powell, deceased, to obtain the advice of the court in reference to his duty in administering the estate of his testator. The clauses of the will affecting the administration of the personal estate, and upon which only the court gives advice, under the authority of the cases cited, are sufficiently set out in the opinion here.

The plaintiff appealed from the ruling of the court below.

*Mr. W. F. French*, for plaintiff.

*Messrs. Rowland & McLean, McNeill* and *Walter Clark*, for defendants.

SMITH, C. J.   The executor in this proceeding is entitled to the advice of the court for his guidance and direction in the discharge of his own fiduciary duties only ; and of the numerous interrogatories propounded for solution, there is but one at all doubtful in which he has any personal interest to be affected. That enquiry is as to the import of the concluding clause, wherein the testator uses this language in reference to the executor :

" I wish him to wind up as slowly as he can, as I hope the bonds and coupons will pay all my just debts and considerably more, and save the lands.   He is empowered to sell them as I would, or he may think proper."

The question asked is whether the word "*them*" embraces the lands as well as the bonds and coupons, or the latter only, and we concur in the interpetation of His Honor which excludes the land and confines the power conferred to the bonds and coupons.

The other interrogatories, more than twenty in number, are in reference to the real estate devised; the respective interests of the sisters as life tenants; and of the grandchildren who are entitled in remainder; and the persons to make the sales mentioned to Stephen and Andrew Ashley.

Of these it is only necessary to say that the executor discharges his duty in delivering the property given to the sisters to them, and to the survivor, O. M. Fuller, if he has not done so while both were alive, and with any controversy which may arise among the grandchildren as to their respective shares, after the death of the surviving life tenant, the executor has nothing to do. That controversy they must settle among themselves when it becomes a practical one.

We have remarked that possibly one other enquiry was proper to be answered; and that is, who are to make the conveyances to Stephen and James Ashley?

The language of the will is too plain to admit of a doubt, since the testator says in positive terms, "I wish my sisters to sell," and then designates tracts to be sold and the terms of sale, which lands are part of those devised to them and in remainder to their grandchildren.

The principle which governs the court in entertaining applications of this kind, and the cases in which advice will be given, is so clearly stated in *Tayloe* v. *Bond*, Busb. Eq., 5, by the late Chief-Justice, and is so appropriate to the present case as to dispense with further comment. See *Robinson* v. *McDiarmid*, 87 N. C., 455.

We find no error in the rulings of the court upon the enquiries of which it could take rightful cognizance in this proceeding, as we have explained, and none others are intended to be decided.

There is no error. Let this be certified.

No error. Affirmed.